**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**THOMAS M. HORAN**
JUDGE

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-3820**

September 19, 2023

**VIA CM/ECF**

Counsel to Jeffrey L. Burtch, Chapter 7 Trustee
Counsel to Tyler Zachem, David Baston, John Overbay, John Malloy, Jeffrey Frient, David
Tolmie, and Michael Short

      Re:    <u>Burtch v. Zachem, et al. (In re TZEW Holdco LLC)</u>, Adv. Pro. No. 22-50255
                (TMH)

Dear Counsel:

On July 25, 2023, I held oral argument on the Defendants' Motion to Dismiss or Abstain (the "<u>Motion to Dismiss</u>") [D.I. 22] from the Adversary Complaint for Damages and Other Relief and Demand for Jury Trial (the "<u>Complaint</u>") [D.I. 1] in the above-referenced adversary proceeding. I have considered the parties' briefing and the arguments of counsel. For the reasons set forth below, I will grant the Motion to Dismiss without prejudice.

Because I write primarily for the parties, my discussion of the factual background to this dispute is brief. I base this discussion on the allegations set forth in the Complaint.[1]

Plaintiff Jeoffrey L. Burtch (the "<u>Trustee</u>") serves as the duly appointed Chapter 7 Trustee for the bankruptcy estates of debtor TZEW Holdco LLC and its six affiliated debtors.[2] The Complaint defines this group of debtors collectively as the "Debtors" or the "Company." The Debtors operated amusement parks, resorts, and family entertainment centers across the United States before filing voluntary petitions under chapter 11 on April 8, 2020 (the "<u>Petition Date</u>").[3]

---

[1] I accept the allegations in the Complaint to be true for the purposes of deciding the Motion to Dismiss. <u>See</u>, <u>e.g.</u>, <u>Mayer v. Belichick</u>, 605 F.3d 223, 229 (3d Cir. 2010).
[2] Complaint ¶ 5.
[3] <u>Id.</u> at ¶ 19.

Counsel to the Trustee and Defendants
September 19, 2023

      The Debtors were founded in 2014 by affiliates of private equity firms The Carlyle Group, The Edgewater Funds, and Broad Sky Partners through the acquisition of fourteen amusement parks and family entertainment centers from Palace Entertainment.[4] The Debtors pursued an aggressive investment and expansion strategy between March 2015 and May 2016.[5] During this fourteen-month period, the Debtors acquired four additional amusement parks and resorts, including Sahara Sam's Indoor/Outdoor Water Park in April 2015, Indiana Beach Amusement Resort in September 2015, and Martin's Fantasy Island in May 2016.[6]

      Despite these efforts, the Debtors experienced significant financial difficulties in subsequent years owing to increased industry competition, heavy operational expenditures, seasonal business challenges, litigation, and management turnover following the unexpected death of CEO Al Weber in 2016.[7] The Debtors' audited financial statements from 2015-2018 reflected net losses of $5,578,868, $7,554,543, $5,237,314, and $9,635,851, respectively.[8]

      In February 2019, the Debtors engaged an investment banking firm to explore potential transactions involving sales of individual assets or the entire company, or a financing transaction.[9] After initial marketing efforts proved unsuccessful, the Debtors conducted an operational review of assets in November 2019 that precipitated the closure of four underperforming parks: Indiana Beach, Fantasy Island, Boomers! Houston, and Dallas SpeedZone.[10]

      The Debtors were distressed, facing liquidity crunches, and rapidly-approaching maturities under their prepetition credit facility. As a result, the Debtors entered into six amendments to their prepetition credit agreement between April 2015 and December 2019, followed by two in January 2020, and two more in February 2020.[11] Then, during the COVID-19 pandemic, the Debtors entered into additional amendments in March and April 2020.[12]

      On the Petition Date, the Debtors owed approximately $25 million under their secured credit facility revolving loans and $53.6 million under their secured term loan.[13]

      On February 17, 2021, this Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 [D.I. 552]. The next day, the Trustee was appointed under 11 U.S.C. § 701.

      On April 7, 2022, the Trustee initiated this adversary proceeding against Tyler Zachem, David Basto, John Overbay, John Malloy, Jeffrey Frient, David Tolmie, Michael Short

---

[4] Id. at ¶ 20.
[5] Id. at ¶ 32.
[6] Id.
[7] Id. at ¶ 28.
[8] Id. at ¶ 48.
[9] Id. at ¶ 61.
[10] Id. at ¶ 63.
[11] Id. at ¶ 41.
[12] Id.
[13] Id. at ¶ 36.

Counsel to the Trustee and Defendants
September 19, 2023

(collectively, the "Defendants"), and Jeffrey Dane[14] by filing the Complaint. The two-count Complaint asserts state law claims against Defendants for allegedly breaching their fiduciary duties of loyalty, good faith, and care owed to the Debtors during their tenure as officers, directors, and/or managers of the Debtor entities.

The Trustee seeks damages in excess of $20 million.

In response to the Complaint, on July 15, 2022, the Defendants filed the Motion to Dismiss, arguing, among other things, that the Complaint lacks sufficient factual allegations to plausibly support the asserted claims for relief.

When assessing a motion to dismiss under Rule 12(b)(6), [15] the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal quotation marks and citations omitted).

Adopting the presumption of truth for all well-pleaded facts and interpreting these facts in the light most favorable to the movant, the court must determine whether the complaint pleads a plausible claim for relief. A plausible claim for relief is stated where the factual allegations create a "reasonable inference that the defendant is liable for the misconduct alleged."[16] The complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[17]

The Complaint identifies the roles of the Defendants in the broadest terms. The Complaint alleges that "[a]t all or certain times material hereto, the below-named Defendants

---

[14] On August 3, 2023, by stipulation of the parties, I entered an order dismissing Mr. Dane from the Adversary Proceeding, with prejudice [D.I. 80]

[15] Rule 12(b)(6) of the Federal Rules of Civil Procedure is incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Similarly, Rules 8 and 9 of the Federal Rules of Civil Procedure are incorporated by the Federal Rules of Bankruptcy Procedure. Therefore, citations herein are to the Federal Rules of Civil Procedure.

[16] Ashcroft v. Iqbal. 556 U.S. 662, 678 (2009) (internal citations omitted).

[17] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Iqbal, 556 U.S. at 663–64 ("[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense.") (citation omitted); Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d. Cir 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

Counsel to the Trustee and Defendants
September 19, 2023

were managers, officer, directors, and/or control persons of the Debtors holding de facto and/or de jure titles and positions with the Debtors . . . ."[18] As to each individual Defendant, the description of each's role is similarly broad. For instance, the Complaint alleges that Zachem:

> . . . is an individual who, at all or certain times material hereto, held the titles or positions of chairman, manager, member of the board of managers, director, officer, and/or president of all or certain of the Debtors, including but not necessarily limited to serving as the Chairman of the Board of Managers of Holdco, manager and member of the Board of Managers of Holdco, manager and/or director of Holdco's subsidiaries, including but not limited to manager and member of the Board of Managers of Apex Parks and director of TZEW Corp., and president of all or certain of the Debtors, and was otherwise acting within the scope of his duties as a manager, officer, director, and/or control person of the Debtors.[19]

The descriptions of the roles of the other Defendants follow form from the description of Zachem's role.[20] Although the Complaint names seven defendants, it breaks them down broadly into two groups – the Dual Capacity Defendants in Count I (those who are alleged to have served as directors and officers of the Debtor) and the Manager/Director Defendants in Count II (those who served only as managers or directors of the Debtors). As exemplified by the above-recited allegations against Zachem, the Complaint does not clearly distinguish in what capacity the Defendants served the Debtors, which Debtors they were affiliated with, or the time they served. Instead, each Defendant is alleged to have one or more of many possible roles with "all or certain of the Debtors.[21]

The Defendants contend that the Complaint lacks sufficient detail to support any inference that the Debtors' financial woes resulted from any Defendant's purposeful acts, or a group of Defendants acting together, to fail in their oversight of the Debtors.  In other words, the Defendants argue that the Plaintiff "group pled" the counts in the Complaint.

I agree. The problem with group pleading is that it "forc[es] both the Defendants and the Court to guess who did what to whom and when. Such speculation is anathema to contemporary pleading standards."[22] "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."[23] A claim for breach of fiduciary duties may be dismissed where a complaint (i) "lumps all of the individual Defendants as 'Officers and Directors' . . . without supplying specific facts as to each defendant's wrongdoing;" (ii) "has not provided any specific facts as to which transactions a particular defendant authorized;" and (iii) does not "allege what authority any particular defendant had to approve such transactions."[24]

---

[18] Complaint ¶ 7.
[19] Id. at 7(a).
[20] Id. at ¶¶ 7(b)–(g).
[21] Id. at ¶ 7.
[22] Baldeo v. City of Paterson, No. 18-5359, 2019 U.S. Dist. LEXIS 9636 (D.N.J. Jan. 18, 2019).
[23] Shaw v. Hous. Auth. of Camden, No. 11-4291, 2012 U.S. Dist. LEXIS 112655 (D.N.J. Aug. 10, 2012).
[24] Stanziale v. Heico Holdings, Inc. (In re Conex Holdings, LLC), 514 B.R. 405, 414 (Bankr. D. Del. 2014).

Counsel to the Trustee and Defendants
September 19, 2023

 The Complaint lacks sufficiently specific allegations regarding each Defendant. Instead, the Complaint repeatedly alleges that the "Defendants" took various actions (or failed to act) without identifying which transactions each Defendant may have authorized or the nature of each Defendant's authority to approve such transactions, when such action or inaction may have occurred, and specifically which Debtor was affected. In a similar context, the United States District Court for the District of Delaware dismissed breach of fiduciary duty claims where the complaint, implementing group pleading, "fail[ed] to identify which individual director defendants breached his or her fiduciary duties, and when those duties were breached."[25]

 Relatedly, the Complaint collapses the Debtors into the term the "Company" or the "Debtors" and fails to identify which Debtor may have been involved in any particular action or inaction. I cannot parse out which particular actions or inactions each individual Defendant purportedly committed, when such action or inaction occurred, and in respect of which Debtor. The Trustee simply asserts claims collectively against Defendants and fails to specify the actual involvement of any Defendant individually. The Complaint requires far more specificity. Accordingly, the Complaint is dismissed.[26]

 In its brief in opposition to the Motion to Dismiss, the Trustee requests that, in the event the Complaint were to be dismissed, he be granted leave to amend the Complaint under Rule 15.[27] Under Rule 15(a)(2), "a party may amend its pleading . . . with the . . . court's leave. The court should freely give leave when justice so requires."[28] The Third Circuit interprets this rule liberally to ensure that claims be decided on the merits, rather than by technicalities.[29]

 Because justice requires that the Trustee be given an opportunity to amend the Complaint, the Trustee may do so within thirty days of the date of this letter opinion.

_Thomas M. Horan_
Thomas M. Horan
United States Bankruptcy Judge

---

[25] King v. Baldino, 648 F. Supp. 2d 609, 623 (D. Del. 2009).
[26] The Complaint does not satisfy the pleading requirements of Iqbal and Twombly because it fails to put any particular Defendant on notice as to his alleged wrongdoing and what specific actions or inactions he may have taken to incur the liability alleged in the Complaint. The Trustee does not meet the basic pleading requirement of providing adequate notice to each co-Defendant of the specific claims against him.
[27] Fed. R. Civ. P. 15.
[28] Fed. R. Civ. P. 15(a)(2).
[29] See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).